[No. 10525.  Department Two.  December 20, 1912.]

NORTHWESTERN ELECTRIC COMPANY, *Respondent*, v. LYLE ·LIGHT, POWER AND WATER COMPANY, *Appellant*, EMMA· DAVE, *Defendant.*[1]

EMINENT DOMAIN—PROCEEDINGS—DAMAGES—PROPERTY AND RIGHTS TAKEN.  Where a riparian owner had granted the right to take water from the river limited to such quantity as would result in no damage to her fishery and fishing rights, she thereby conveyed all her water rights except as she reserved sufficient to protect her fishery and divested the lands of their character as riparian lands; hence, on condemnation of the rights of her subsequent lessee, no damages could be allowed for loss of riparian rights, although the lease purported to include riparian rights except as reserved for a fishery.

Appeal by defendant from a judgment ·of the superior court for Klickitat county, McKenney, J., entered December 29, 1911, awarding damages in eminent domain proceedings, after a trial to the court. Affirmed.

*R. Sleight,* for appellant.

*Williams, Wood & Linthicum (Erskine Wood,* of counsel on the brief), for respondent.

MORRIS, J.—The respondent, a public service corporation, brought this proceeding to condemn the rights of the defendants in certain lands along the Klickitat river, together with the water rights riparian thereto.  The court having made its decree of public use and appropriation, the cause continued to ascertain the damages to be awarded defendants.  This feature of the cause was submitted to the court without a jury, and a decree has been entered awarding Emma Dave $4,000, and the Lyle Light, Power & Water Company $2,500, from which decree the company has appealed.

The only error assigned is in assessing the damages of the company at $2,500.  The land was originally owned by

[1]Reported in 128 Pac. 674.

Emma Dave, from whom the respondent obtained a deed, the only material part of which is the following grant:

"Also the right to take water from the Klickitat river from some point on the river above the land of the grantor Emma Dave, and carry the same across said land by means of flumes, canals, or pipe lines constructed upon said forty-foot right of way, the amount of water to be taken from the river to be limited to such a quantity as will result in doing no damage to the fishery and fishing rights of the grantor."

It is manifest that, under this grant, respondent obtained from Emma Dave all the riparian rights vested in her ownership of the land, except the fishing rights, and the $4,000 awarded her is the court's valuation of the damage caused her by the taking of these fishing rights. Subsequently Emma Dave gave a lease of the land adjoining the river and embraced in this proceeding to D. E. Keasey, who thereafter transferred the same to appellant. This lease was for ninety-nine years, and in so far as is here material, included the riparian rights to the waters of the river, except, as in the deed to respondent, it contained an express reservation of fishing rights. These instruments, it seems to us, are at variance with appellant's contention that it is entitled to the riparian rights appurtenant to the land embraced in the lease, and must determine this appeal adversely to its contention that the court below failed to award it appropriate damages. Under her deed, Emma Dave conveyed to respondent all her riparian rights save the right to take fish from the river. The language of the grant is susceptible of no other construction. When she conveyed "the right to take water from the Klickitat river from some point on the river above the land," she granted respondent the right to take all the water flowing in the river except as she reserved sufficient water to protect her right of fishery. There can be no water rights where there is no water; and hence, when Emma Dave leased the land to Keasey, she had no water rights except her fishery right, which she expressly reserved

from the lease. When, therefore, under this proceeding this fishing right was condemned, the respondent, upon payment of the compensation awarded, became possessed of all water rights in this river that had formerly vested in Emma Dave by virtue of her ownership of these riparian lands. These lands, having been divested of their character as riparian lands, were deprived of any value formerly attaching to them as such, and all that need be awarded appellant is their value as land.

There can be little question but that $2,500 is ample compensation for such valuation, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.